IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARMEN SUAREZ MARTINEZ,
PERSONALLY AND ON BEHALF OF
HER MINOR SON, F.S.M.**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO
RICO, AND THE DEPARTMENT OF
EDUCATION OF THE
COMMONWEALTH OF PUERTO
RICO**

**Defendants.**

Civil No. 14-1228 (GAG)

## OPINION AND ORDER

On July 12, 2012, Carmen Suárez Martínez ("Plaintiff") secured a favorable administrative ruling from the Department of Education ("DOE") in Case no. 2011-111-02 for adequate educational placement for her minor son ("F.S.M."), pursuant to the Individuals with Disabilities Act of 2004 ("IDEA"), 20 U.S.C. §§ 1415 *et seq.* (Docket No. 1.) Later on, Plaintiff filed the instant action against the Commonwealth of Puerto Rico and the DOE (collectively "Defendants") under 20 U.S.C. § 1415(i)(3)(B). (Docket No. 1.) Plaintiff seeks reimbursement of the attorney's fees, costs, and expenses incurred during the proceedings held before the DOE, as well as those incurred in prosecuting this case. Id.

Pending before the court is Defendants' motion to dismiss. (Docket No. 10.) Plaintiff timely opposed Defendants' motion. (Docket No. 13.) After carefully reviewing the parties' submissions and pertinent law, the court **DENIES** Defendants' motion to dismiss at Docket No. 10.

**Civil No. 14-1228 (GAG)**                                        2

**I.      Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 679 (quoting FED. R. CIV. P. 8(a)(2)).

**II.     Factual and Procedural Background**

Plaintiff is the mother and legal guardian of a ten-year old child diagnosed with typical Autism and other learning disabilities. (Docket No. 1 ¶ 6.) The minor lives with Plaintiff in the municipality of Bayamón, Puerto Rico, and is registered with the DOE as a child with disability. Id. Pursuant to federal and state law, the minor's educational disability makes him eligible to participate and benefit from the public education system. Id.

On September 16, 2011, Plaintiff filed an administrative complaint before the DOE, requesting adequate educational placement for the minor pursuant to IDEA. (Docket No. 1 ¶ 10.)

**Civil No. 14-1228 (GAG)**                    3

After various hearings, the DOE entered a ruling in Plaintiff's favor. Id. ¶ 11. As a result, Plaintiff filed suit before this court seeking an award of $9,693.35 for attorney's fees, costs, and expenses incurred from both the instant proceedings and the proceedings before the DOE. (Docket No. 1.)

Defendants allege Plaintiff's cause of action is time-barred, therefore, dismissal is warranted. (Docket No. 10.) According to Defendants, the applicable statute of limitations to file a claim under § 1415 (i)(3)(B) is thirty (30) days after judgement. (Docket No. 10 at 5.) In opposition, Plaintiff argues her claim was timely filed. (Docket No. 13.) Plaintiff posits that the applicable statute of limitations for her claim is three (3) years. Id. Plaintiff filed her claim one year and seven months after the DOE entered a ruling in her favor. (Docket No. 1.)

**III.    Discussion**

IDEA caters to the educational needs of children with disabilities. 20 U.S.C. §§ 1415 *et seq.* The statute's purpose is to guarantee that disabled children receive adequate public education. Id. Under IDEA, a party that receives a favorable judgment in the administrative forum may be awarded reasonable attorney's fees by the court. 20 U.S.C. § 1415 (i)(3)(B). The statute reads as follows:

> In any action or proceeding brought under this section, the court in its discretion, may award attorney's fees as part of the costs–
> (I) to a prevailing party who is the parent of a child with a disability
> (II) to a prevailing party who is a state educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing state educational agency or local educational agency against the attorney of a parent, or against the parent, if the parents complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

§ 1415 (i)(3)(B). It is uncontested that Plaintiff prevailed before the DOE. The issue is whether Plaintiff's claim for attorney's fees was timely. To determine whether Plaintiff's claim was timely filed, the court must measure the time elapsed between the moment Plaintiff prevailed before the DOE, and the filing of the claim seeking the reimbursement of attorney's fees. Id. To do so, the

**Civil No. 14-1228 (GAG)**                    4

court must first determine the applicable statute of limitations. The parties disagree as to which statute of limitations applies to claims under § 1415 (i)(3)(B)(I). IDEA is silent as to this matter and provides no guidance. Thus, each party suggests a different limitations period.

Many federal statutes fail to provide a limitation period for the causes of action they create. IDEA is no exception. As a general rule, when Congress fails to establish a statute of limitations for a federal cause of action, courts are instructed to turn to the local law of the forum state to adopt the most analogous time limitation. Wilson v. García, 471 U.S. 261, 266-67 (1985). Even though courts tend to adopt the most analogous local statute, "the glance in the direction of the state-law cupboard should not be an automatic or reflexive one." Commc'n Workers of Am. v. W. Electric Co., 860 F.2d 1137, 1139 (1st Cir. 1988). The rule to adopt a local statute is not without exception. "We have recognized that a state legislature rarely enacts a limitations period with federal interests in mind, and when the operation of a state limitations period would frustrate the policies embraced by the federal enactment, this Court has looked to federal law for a suitable period." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355-56. (1991).

> First, the court must determine whether a uniform statute of limitations is to be selected. Where a federal cause of action tends in practice to encompass numerous and diverse topics and subtopics, such that a single state limitations period may not be consistently applied within a jurisdiction, we have concluded that the federal interests in predictability and judicial economy counsel the adoption of one source, or class of sources, for borrowing purposes. This conclusion ultimately may result in the selection of a single federal provision, or of a single variety of state actions.
>
> Second, assuming a uniform limitations period is appropriate, the court must decide whether this period should be derived from a state or a federal source. [...]
>
> Finally, even where geographic considerations counsel federal borrowing, the aforementioned presumption of state borrowing requires that a court determine that an analogous federal source truly affords a "closer fit" with the cause of action at issue than does any available state-law source. Although considerations pertinent to this determination will necessarily vary depending upon the federal cause of action and the available state and federal analogues, such factors as commonality of purpose and similarity of elements will be relevant.

Lampf, 501 U.S. at 357-58.

**Civil No. 14-1228 (GAG)**                                           5

In the past, federal courts facing this same issue have failed to find a federal counterpart to IDEA. Similar to those courts, this court turns to Puerto Rico law to fill the gap. See e.g. Nieves Marquez v. Puerto Rico, 353 F.3d 108, 119 (1st Cir. 2003); King v. Floyd Cnty Bd. of Educ., 228 F.3d 625-26 (6th Cir. 2000); Powers v. Ind. Dep't of Educ., Div. of Special Educ.,61 F.3d 552, 558 (7th Cir. 1995).

Defendants argue that the court should apply, by analogy, a thirty-day period for judicial review provided by the Uniform Administrative Procedure Act ("UAPA"). (Docket No. 10 at 5.) In support of their argument, Defendants allege that Plaintiff's claim is accessory to the administrative proceeding before the DOE, making it more like a judicial review. For that reason, they maintain that thirty days, the time period provided for judicial review in administrative proceedings, is proper. Conversely, Plaintiff rejects the applicability of a thirty day limitations period, on the grounds that her claim is independent and distinct from the DOE proceeding. Furthermore, Plaintiff contends that a thirty day limitations period is unfairly short and goes against IDEA's purpose. Plaintiff suggests the three-year statute of limitations provided by Article 1867 of the Puerto Rico Civil Code is appropriate. P.R LAWS ANN. tit. 31 § 5297.

When deciding which state statute of limitations is most analogous to a federal statute, the court's main focus should be the purpose of the state statute and whether that purpose is in accordance with the federal statute's purpose. Lampf, 501 U.S. at 357-58. If the statute of limitations for the state cause of action is consistent with the purpose of the federal law, then that statute of limitations should apply. See Posadas de Puerto Rico Associates, Inc. v. Asociación de Empleados de Casino de Puerto Rico, 873 F.2d 479, 480-81 (1st Cir. 1989) (internal citations omitted). To decide which limitations period is most analogous to § 1415 (i)(3)(B)(I) claims, the court interprets the essence of the statute. Lampf, 501 U.S. at 355-56.

IDEA explicitly states that a prevailing party must file a claim before a different forum to seek the reimbursement of fees. § 1415 (i)(3)(B). Said claim is unrelated to the proceedings held before the administrative forum. Many courts disagree as to whether a claim for attorney's fees is independent or accessory to the administrative proceedings. To this day, the First Circuit has not

**Civil No. 14-1228 (GAG)**                         6

squarely addressed the issue of which statute of limitations applies to these claims. The rest of the circuits are split. There is no doubt that IDEA's objective is to provide disabled children an adequate public education tailored to meet their individual needs. The courts are divided as to whether that purpose is better served with a shorter or longer limitations period. Cory D. v. Burke Sch. Dist., 285 F.3d 1294, 1295 (11th Cir. 2002).

Defendants argue that the Sixth and Seventh Circuits have held that attorney's fees actions are considered part of the judicial review of administrative proceedings. See King, 228 F.3d at 626. These circuits have applied the same statute of limitations provided in state law for judicial review. The Seventh Circuit has stated the following:

> If seen as an independent cause of action, a claim for attorney's fees under § 1415 is arguably analogous to a tort action seeking money damages, which usually carries a comparatively long statute of limitations . . . . If viewed as part of the administrative review of the underlying education dispute, however, the claim is more analogous to statutes dealing with judicial review of state agency decisions. The limitations period for such agency review is generally quite short.

Powers, 61 F.3d at 558. See also King, 228 F.3d at 626 (citation omitted) (adopting Seventh Circuit's recognition that a claim seeking attorney's fees is "ancillary to the underlying educational dispute.")

The court rejects Defendants' theory. Judicial review proceedings and attorney's fees actions are dissimilar. "[T]he facts and legal bases upon which courts make attorney's fees decisions are different from the facts and legal bases upon which courts review state education agency decisions." B.K v. Toms River Bd. of Educ., 998 F. Supp. 462, 470 (D.N.J. 1998). Judicial review is a proceeding of appellate nature, in which the court's role is to affirm or reverse the lower forum's determination. Id. On the other hand, an action seeking reimbursement of attorney's fees is not appellate in nature because the court does not review the administrative forum's substantive findings. Such a claim does not authorize the court to review the merits of the administrative decision, much less allow the court to affirm or reverse.

Plaintiff points to the Eleventh Circuit's refusal to apply the time limitations established for judicial review. In Zipperer v. Sch. Bd of Seminole Cnty. Florida, 111 F.3d 847 (11th Cir. 1997),

**Civil No. 14-1228 (GAG)**                              7

the Eleventh Circuit distinguished two causes of action that arise under section 1415(e). In doing so, the court recognized the different nature of a substantive appeal and an attorney's fee claim.

> We agree that the IDEA provides two distinguishable causes of action under sections 1415(e)(2) and 1415(e)(4)(B). Most significantly, section 1415(e)(2) provides for the appeal of a substantive administrative decision, whereas section 1415(e)(4) provides for an independent claim for attorney's fees. Because the district court, rather than the administrative agency, has jurisdiction to award fees, the prevailing party cannot appeal an administrative decision under section 1415(e)(4).

Zipperer, 111 F.3d 847 at 851-52. Thus, the Eleventh Circuit favors a lengthier statute of limitations for causes of action under IDEA.

The court agrees with the Eleventh Circuit's holding in Zipperer that an action for reimbursement of attorney's fees is not accessory to the administrative proceedings, but entirely independent.[1] All claims under § 1415 (i)(3)(B) arise from the outcome of a previous proceeding, an educational dispute under IDEA. The action is nevertheless separate from the original cause of action under IDEA. Moreover, even though an attorney's fee claim under § 1415 (i)(3)(B) stems from the same statute as the originating educational dispute, the fee claim is subordinate and incidental to the main cause of action. "Once an action has reached the stage of attorney's fees, issues of educational placement are no longer open." Powers, 61 F.3d at 558. The IDEA's main purpose is to afford disabled children an adequate public education. That purpose has already been satisfied when the case reaches the attorney's fees stage. An action seeking judicial review is not analogous to a claim under § 1415 (i)(3)(B).

The Eleventh Circuit found that: "[t]he goals of the IDEA could not be achieved unless educational disputes were resolved quickly." Cory D., 285 F.3d at 1299. It also held that: "[t]he resolution of claims for attorney's fees is less urgent." Zipperer, 111 F.3d 851. The Eleventh Circuit stated:

---

[1] The court notes that the Puerto Rico Supreme Court recognized that an action claiming attorney's fees under IDEA is an independent claim. Declet Ríos v. Departamento de Educación,177 P.R. Dec.765 (2009); see also Santiago de La Concha v. Estado Libre Asociado de Puerto Rico, KAC2012-0999, 2013 WL 6191483 (P.R. Cir. Oct. 29, 2013).

**Civil No. 14-1228 (GAG)**                    8

> The short statutes of limitations associated with appeals of administrative procedures, while appropriate when a child's Individualized Education Plan is at issue in a substantive appeal of an administrative, are too short to vindicate the underlying federal policies associated with fee-claim provisions of the IDEA.
> [...]
> Because the district court, rather than the administrative agency, has jurisdiction to award fees, the prevailing party cannot appeal an administrative decision under section [1415(i)(3)(B)].
> [...]
> Nonetheless, the resolution of claims for attorney's fees is less urgent and, in reality, is more likely to be resolved by the attorney's interest in prompt payment than by a short period of limitations. A four-year period of limitation, like the award of attorney's fees to parents who are a prevailing party, is likely to encourage the involvement of parents, as represented by attorney's in securing appropriate public education for their children. We conclude that the application of a four- year statute of limitations to claims for attorney's fees under the IDEA is consistent with the policies of the federal statute.

Zipperer, 111 F.3d at 851.  In other words, the Eleventh Circuit recognized that a longer limitations period is not contrary to the statute's purpose.  Similarly, the First Circuit has recognized that personal injury actions under IDEA merit a longer statute of limitations period.

> Not all IDEA claims are necessarily governed by the same statute of limitations. In choosing statutes of limitations, this court has balanced three IDEA policy goals: the parental interest in participation, the school's interest in speedy resolution of disputes, and the child's interest in receiving educational entitlement. Thus, this court has applied a six-year state limitations period for personal injury actions to IDEA claims for compensatory education, which seek to obtain additional education to make up for an earlier deprivation of FAPE, even though it applies a thirty day statute of limitations to review IDEA's administrative hearings.

Nieves, 353 F.3d at 119 (internal citations omitted).  Under those circumstances, the First Circuit also noted the difference between judicial review and a claim for attorney's fees.  Id. ("The Eleventh Circuit has held that an IDEA claim for attorney's fees arising under 20 U.S.C. §1415(e)(4) has a different limitations period than an IDEA claim seeking review of the agency determination under § 1415(e)(2).") (citing Zipperer, 111 F.3d 847 at 851-52).

This court agrees.  IDEA's attorney's fee provision favors an extended period of time for the reimbursement of attorney's fees.  In addition, it would be reasonable to consider that an extended period of time could result in favorable negotiations between the parties, potentially avoiding

**Civil No. 14-1228 (GAG)**                                9

litigation.[2] In contrast, a shorter limitations period, such as the thirty-day period proposed by Defendant, could entice the prevailing party to appear before a court of law, prior to any attempt to negotiate. Thus, a longer statute of limitations is more reasonable considering it promotes *bona fide* negotiations between parties, simultaneously avoiding the filing of premature claims. B.K., 998 F. Supp at 471.

Section 5297 of the Puerto Rico Civil Code provides a three-year statute of limitations for regular attorney's fees claims.

> For the fulfillment of the following obligations shall prescribe in three (3) years: (1) For the payment of judges, lawyers, registrars, notaries public, experts, agents, and clerks, for their charges and fees and expenses and disbursements incurred by them in the discharge of their duties or offices in the matters to which the obligations refer § 5297. Actions which prescribe in three (3) years.

P.R LAWS ANN. tit. 31 § 5297. In Culebra Enter. Corp. v. ELA., 127 P.R. Dec. 943 (1991), the Puerto Rico Supreme Court briefly discussed the statute of limitations established in § 5297 and catalogued it as a reasonable time period to tend to pecuniary obligations of that kind.

Both § 1415 (i)(3)(B) and § 5297 create causes of action that guarantee the compliance of pecuniary obligations. Furthermore, they both emanate from earlier litigation or professional relationship. The former, as previously discussed, awards the reimbursement of attorney's fees rendered in IDEA claims. The latter serves the exact same purpose and remedy, but is not limited to a specific- type claim or statute. These statutes are thus counterparts. Each creates a claim for the collection of monies for an attorney's professional services. Accordingly, under Puerto Rico law, § 5297 of the Puerto Rico Civil Code is analogous to claims under IDEA §1415 (i)(3)(B). In turn, this court adopts § 5297's three-year statute of limitations as the applicable limitations period for attorney's fees claims under §1415 (i)(3)(B).

For the foregoing reasons, the court finds that the applicable statute of limitations for an action seeking the reimbursement of attorney's fees under IDEA § 1415(i)(3)(B) is three years,

---

[2] During Congressional debate the dissuasive effect on litigation of § 1415(i)(3)(B) was considered. See 99 Cong. Rec. 21389 (1985).

**Civil No. 14-1228 (GAG)**                10

counting from the conclusion of the administrative proceedings.  In this case, the DOE entered a final judgment in Plaintiff's favor on July 21, 2012.  On March 18, 2014, Plaintiff filed the action for attorney's fees.  Plaintiff filed her § 1415(i)(3)(B) claim one year and seven months after the conclusion of the DOE proceedings.  Thus, Plaintiff's claim is not time-barred.  For it was initiated within the applicable § 5297 three year statute of limitation.

**IV.     Conclusion**

For the reasons set forth above, the court **DENIES** Defendant's motion to dismiss at Docket No. 10.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of July, 2014.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge